UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TYRONE NOEL NUNN,<br><br>      Plaintiff,<br> v.<br>ELY STATE PRISON, *et al.*,<br><br>      Defendants. | Case No. 3:23-cv-00579-LRH-CSD<br><br>ORDER |

   This action began with a civil-rights complaint under 42 U.S.C. § 1983 filed by state prisoner Tyrone Nunn. (ECF No. 1-1). But Nunn neither paid the $402 filing fee nor applied to proceed *in forma pauperis* ("IFP") in this action. (*See* ECF No. 1.) So on November 28, 2023, this Court ordered Nunn to either pay the filing fee or apply for IFP status by January 29, 2024. (ECF No. 4). The Court warned Nunn this action could be dismissed without prejudice if he failed to timely comply. (*Id.* at 2). Before the deadline expired, Nunn filed a document titled "Initiation of Actions," which is a collection of handwritten statutes, a vague "affidavit" about exhaustion of administrative remedies, multiple *ex parte* requests for the appointment of counsel, prison classification papers, documents from one of Nunn's state criminal cases, an incomplete IFP application, and a proposed summons. (ECF Nos. 3, 5). Nunn has filed this collection of papers in several of his other actions. (*See* ECF No. 3 at 2).

   Despite Nunn's many papers, he still has not paid the full $402 filing fee or filed a complete IFP application. Moreover, according to the Nevada Department of Corrections inmate database, Nunn has been transferred to High Desert State Prison. But Nunn has not filed his updated address with the Court in compliance with Nevada Local Rule of Practice IA 3-1. For the reasons discussed below, the Court dismisses this action without prejudice.

I.  **DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Nunn's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally

dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until Nunn either pays the filing fee or files a complete IFP application, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources.

The circumstances here do not indicate this case will be an exception. There is no indication that Nunn did not receive the Court's order or could not file a complete IFP application. Rather, the collections of documents that Nunn has filed show he is either unable or unwilling to comply with the Court's orders. And Nunn has not filed his updated address with the Court despite being transferred to a different prison. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

**II.    CONCLUSION**

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Tyrone Nunn's failure to either pay the $402 filing fee or file a complete application to proceed *in forma pauperis* in compliance with this Court's November 28, 2023, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Tyrone Nunn wishes to pursue his claims, he must file a complaint in a new case and either pay the filing fee or file a complete application to proceed *in forma pauperis*.

It is further ordered that Nunn's motions and applications for various relief (ECF Nos. 3, 5) are denied as moot.

/ / /

/ / /

/ / /

/ / /

3

It is further ordered that the Clerk of the Court will send Nunn a courtesy copy of this order by electronically sending the same to High Desert State Prison's law library.

IT IS SO ORDERED.

DATED THIS 23rd day of April, 2024.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE